IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON CAMPBELL, | No. C 13-1446 YGR (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| MARTIN FRINK, Warden, | (Dkt. 14) |
| Respondent. | |

## INTRODUCTION

Petitioner Marlon Campbell, an inmate at North Fork Correctional Facility in Oklahoma, filed a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

## BACKGROUND

On May 21, 2008, pursuant to a negotiated disposition in the Alameda County Superior Court, Petitioner pleaded guilty to: assault with a deadly weapon, enhanced for inflicting great bodily injury (Cal. Penal Code §§ 245(a)(1), 12022.7(e)); forgery of an official seal (*id.* § 472); and forgery (*id.* § 470(c)), with one prior strike convictions pursuant to California's Three Strikes law (*id.* § 1170.12). Dkt. 14, Ex. A.

On October 20, 2008, the state superior court sentenced Petitioner to twelve years in prison, as fixed by his plea bargain. Dkt. 14, Ex. B. The judgment and sentence were executed on November 14, 2008. *Id.*

Petitioner did not file a notice of appeal from his judgment, and his time for doing so expired on January 13, 2009, which is sixty days after his sentence was executed on November 14, 2008. *See* Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within

sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

On December 3, 2008, Petitioner filed a petition for writ of coram nobis in the Alameda County Superior Court, which was denied on December 3, 2008. Dkt. 14, Ex. C.

On April 6, 2009, Petitioner filed a petition for writ of habeas corpus in the Alameda County Superior Court. Dkt. 14, Ex. D. The state superior court denied the petition on July 24, 2009. *Id.*

On August 11, 2009, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on August 14, 2009. Dkt. 14, Ex. E.

On September 9, 2009, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Dkt. 14, Ex. F. On February 24, 2010, the California Supreme Court denied his petition. *Id.*

On or after May 19, 2010,[1] Petitioner constructively filed a pleading entitled, "Order of the Court,"[2] in the Alameda County Superior Court. Dkt. 14, Ex. K. That court denied the pleading on June 10, 2010. *Id.*

Beginning on November 19, 2010 through October 4, 2012, Petitioner filed several applications for various relief in the state superior court. Dkt. 14, Ex. J. However, in each of those instances, however, the state superior court found it had no jurisdiction to address the motion or petition. *Id.*

---

[1] A *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). This is called the "mailbox rule." Respondent alleges that the "Order of the Court" was filed on June 2, 2010; however, because a copy of that document was not accessible, Respondent has added a fourteen-day lead time to Petitioner's actual filing date to reach a constructive date of May 19, 2010 as the earliest date that the petition could have been delivered to prison authorities for mailing. Dkt. 14 at 2-3 footnote 2. For the purposes of this discussion, the Court adopts Respondent's proposal and deems that the "Order of the Court" was filed on or after May 19, 2010.

[2] Insofar as the document is described as challenging the underlying judgment, the Court has assumed for purposes of 28 U.S.C. § 2244(d)(2) that it constituted an "application for post-conviction or other collateral review." *See* Dkt. 14 at K.

2

On or after March 25, 2011,[3] Petitioner constructively filed a "Petition for Plain Error Review" in the Alameda County Superior Court. Dkt. 14, Ex. I. The state superior court denied the petition on May 6, 2011. *Id.*

On or after December 18, 2012,[4] Petitioner constructively filed a second petition for writ of habeas corpus in the California Court of Appeal. Dkt. 14, Ex. G. The state appellate court denied the second petition on December 27, 2012. *Id.*

On January 18, 2013, Petitioner filed a petition for review of the state appellate court's decision in the California Supreme Court. Dkt. 14, Ex. H. The state supreme court denied the petition on March 13, 2013. *Id.*

Petitioner filed the present petition on March 21, 2013.[5] Dkt. 1 at 37.[6] Petitioner claims that his sentencing was "not done in compliance with established sentencing law" because: (1) he was not provided a copy of the probation sentencing report prior to the sentencing hearing and was unable to correct false information contained in that report; (2) the probation sentencing report contained false admissions upon which the judge relied on in imposing Petitioner's sentence; (3) the sentencing was arbitrary and capricious because the judge was not properly informed of Petitioner's history, characteristics, and background; (4) the omission of favorable evidence at sentencing prevented Petitioner from successfully requesting the judge to strike his prior strike conviction or impose a lower term sentence due to mitigation; and (5) the judge failed to exercise proper discretion

---

[3] The Court applies the "mailbox rule" to deem the "Petition for Plain Error Review" filed on March 25, 2001, the date it was signed.

[4] The Court applies the "mailbox rule" to deem the second state appellate court petition filed on December 18, 2012, the date of the "Proof of Service" form indicating when it was delivered to prison authorities for mailing.

[5] The Court applies the "mailbox rule" to deem the instant petition filed on March 21, 2013, the date on the "Proof of Service" form indicating when it was delivered to prison authorities for mailing. Dkt. 1 at 37.

[6] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

3

in evaluating whether to strike his prior strike conviction or impose a lower term sentence. Dkt. 1 at 8-9.  Petitioner also claims that his attorney was ineffective for: (1) failing to object to inaccurate statements in the probation sentencing report; (2) failing to prepare for the sentencing hearing; (3) failing to present mitigating circumstances; and (4) failing to seek imposition of a lower term sentence. *Id.* at 10.

On October 8, 2013, Respondent filed his motion to dismiss the petition for writ of habeas corpus as untimely.  Dkt. 14.  On October 23, 2013 and November 15, 2013, Petitioner filed two identical copies of his opposition.  Dkts. 16, 19.  On November 7, 2013, Respondent filed his reply to the opposition.  Dkt. 17.  On November 20, 2013, Petitioner filed an "Addendum to Opposition to Motion to Dismiss Petition as Untimely."  Dkt. 20.  On July 7, 2014, Petitioner filed an "Addendum #2 [in] Response to [Motion to] Dismiss Habeas Corpus [Petition] on Procedural Grounds."  Dkt. 26.[7]

**DISCUSSION**

AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1).

---

[7] On May 5, 2014, Petitioner filed a document entitled, "Movant[']s Second Response as to Why His Petition Should Not Be Barred Under Rule 9A."  Dkt. 25.  However, in this document, Petitioner argues that he did not have the assistance of an attorney and that his delay was "in no way prejudicial to the government." *Id.*  Such arguments are not relevant to the issue as to whether the instant petition should be dismissed as untimely; therefore, the Court need not address this document.  Moreover, even if they were relevant, the Court will be addressing Petitioner's claims for equitable tolling from his other filings.

4

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA's one-year time limit, however, did not begin to run against any state prisoner before the date of the Act's enactment. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. *See id.* The one-year limitations period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also* Cal. Rule of Court 8.308(a).

In the present case, the limitations period started running on January 14, 2009,[8] the day after January 13, 2009 -- the expiration date for his time to file a notice of appeal from his judgment.[9] *See id*. Thus, Petitioner had one year from the time the limitations period started running -- or until

---

[8] Respondent argues that the limitations period started running on January 13, 2009. Dkt. 14 at 3. However, Respondent does not take into consideration that the limitations period started running *one day after the deadline* for Petitioner to file his notice of appeal. *See Smith*, 297 F.3d at 812-13. Thus, the limitations period started a day later -- on January 14, 2009.

[9] Petitioner argues that limitations period should not have began to run until March 13, 2013, the date his most recently-filed petition for review was denied by the California Supreme Court. Dkt. 20 at 1. However, Petitioner's argument is unavailing. After Petitioner was convicted in 2008, he did not seek appeal from his judgment, i.e., he neither filed an direct appeal in the state appellate court nor a petition for review in the state supreme court. The law is clear that the limitations period begins running the day after the expiration date for Petitioner's time to file a notice of appeal from his judgment. See *Smith*, 297 F.3d at 812-13; *see also* Cal. Rule of Court 8.308(a). Thus, in this case, it matters not that Petitioner eventually filed a petition for review in 2013.

January 14, 2010 -- to file his federal habeas petition. Because he did not file the present petition until March 21, 2013 -- more than three years after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to statutory or equitable tolling.

## I.     Statutory Tolling

The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' -- i.e., 'until the completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). In other words, until the application has achieved final resolution through the state's post-conviction procedures, by definition it remains "pending." *Id.* at 220. In California, this means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge, as long as the petitioner did not "unreasonably delay" in seeking review. *Id.* at 221-23; *accord Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) *overruled on other grounds by Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).

In the instant case, as explained above, the limitations period should have started to run on January 14, 2009. However, it had not yet began to run on December 3, 2008, when Petitioner filed his petition for writ of coram nobis -- his first collateral review petition in the state superior court. Dkt. 14, Ex. C. A state habeas petition filed *before* the limitations period begins to run tolls the limitation period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, the December 3, 2008 petition tolled the limitations period. That petition was denied on September 15, 2009; however, at that time another petition was then pending in the California Supreme Court -- the September 9, 2009 state habeas petition (dkt. 14, Ex. F) -- and thus this petition continued to toll the limitations period until it was denied on February 24, 2010. *See Jimenez*, 276 F.3d at 482.

The limitations period then started to run from February 24, 2010, and Respondent argues that it should have continued to run for 84 days, until May 19, 2010, when Petitioner constructively

filed his pleading entitled, "Order of Court," in the state superior court. Dkt. 14, Ex. K. Pursuant to *Carey*, Petitioner is entitled to statutory tolling of the limitations period for the entire time he was pursuing state collateral relief, including the intervals or gaps between each petition. *Carey*, 536 U.S. at 219-20. However, Respondent argues that Petitioner is not entitled to continuous, or "gap" tolling between the February 24, 2010 denial of his California Supreme Court petition (dkt. 14, Ex. F) and the May 19, 2010, filing of his pleading in the state superior court (dkt. 14, Ex. K), stating as follows:

> For purposes of 28 U.S.C. § 2244(d)(2), state collateral proceedings are "pending" only during "the intervals between a lower court decision and the filing of a new petition in a higher court." *Carey v. Saffold*, 536 U.S. 214, 223 (2002); *see Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012); *Waldrip v. Hall*, 548 F.3d 729, 736 (9th Cir. 2008); *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003); *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam); *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001); *Rowe v. LeMaster*, 225 F.3d 1173, 1174-75 (10th Cir. 2000). Here, Petitioner was not progressing "up" through the California appellate courts, but rather down, from the California Supreme Court to the superior court. *See* Exhs. F, K. As such, he was not entitled to continuous tolling for the eighty-four-day period (2/24/10 - 5/19/10).

Dkt. 14 at 4. The Court agrees with Respondent's analysis above, and finds that Petitioner is not entitled to "gap" tolling during the 84-day period from February 24, 2010 through May 19, 2010. *See Nino*, 183 F.3d at 1005 (limitations period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition *at the next state appellate level*") (emphasis added). Thus, the limitations period ran unabated from February 24, 2010 through May 19, 2010, when Petitioner filed the aforementioned pleading in the state superior court. Dkt. 14, Ex. K. The limitations period was then tolled until the May 19, 2010 pleading was denied on June 10, 2010. *Id.*; *see* 28 U.S.C. § 2244(d)(2).

Following June 10, 2010, Respondent argues that the one-year limitations period ran for the remaining 281 days (365 days minus 84 days) until it expired on March 18, 2011. Dkt. 14 at 4. During that 281-day period and after the March 18, 2011 expiration of the limitations period, Respondent points out that Petitioner filed repetitive applications for various relief in the state superior court. Dkt. 14, Ex. J. Respondent does not elaborate on those filings (included as Exhibit J) because in each of those instances, the state superior court found it had no jurisdiction to address

the motion or petition. *Id.* Respondent argues that these state court applications for relief that have been denied for lack of jurisdiction were not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2), and therefore do not toll the limitations period. Dkt. 14 at 4 (citing *Pace*, 544 U.S. at 414). The Court again agrees with Respondent. None of the filings included in Exhibit J were "properly filed"; therefore, the limitations period ran unabated for 281 days -- from June 10, 2010 through its expiration on March 18, 2011. *See Pace*, 544 U.S. at 414.

As explained above, Petitioner did not file a direct appeal of his conviction. Instead, Petitioner filed the aforementioned state superior court request for relief and various other state habeas petitions, some of which were filed after the March 18, 2011 expiration of the limitations period. However, an application for state post-conviction or other collateral review filed *after* the limitations period has ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. *See Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has expired, collateral petitions can no longer serve to avoid the statute of limitations). Therefore, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any of the collateral petitions filed after March 18, 2011 because the limitations period had already run.

Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition. Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition, and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1), unless he can show that he is entitled to equitable tolling of the limitations period.

**II.     Equitable Tolling**

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "When

external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Id.* at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is proceeding *pro se*, his allegations regarding diligence in filing a federal petition on time must be construed liberally. *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006).

Where a prisoner fails to show any causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas petition, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *amended*, 447 F.3d 1165 (9th Cir. 2006). He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. *Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

9

### A.     Ignorance of the Law

Petitioner first claims he is entitled to equitable tolling because he lacked actual or constructive notice of the statute of limitations, i.e., ignorance of the law. Dkt. 19 at 2.

As an initial matter, ignorance of the law and lack of legal sophistication do not alone constitute extraordinary circumstances warranting equitable tolling. *Rasberry*, 448 F.3d at 1154 (cataloguing cases from other circuits and holding that a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance); *see also Hughes v. Idaho State Bd. of Corrs.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner insufficient cause to avoid procedural bar); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299-300 (5th Cir. 1998) (*pro se* status during state habeas proceedings did not justify equitable tolling); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (*pro se* status, illiteracy, deafness and lack of legal training does not justify equitable tolling). Therefore, Petitioner is not entitled to equitable tolling based *solely* on his ignorance of the law.

Moreover, as one court has pointed out, "no case has ever held that a *pro se* litigant should be given actual notice of a statute of limitations. Rather, *pro se* litigants, like all others, are deemed to know of the one-year statute of limitations. Indeed, any such requirement of actual notice would virtually eviscerate the statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007) (citation omitted); *accord Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Likewise, the Court is not aware of any case law requiring constructive notice of the statute of limitations beyond that provided by the published statute itself, 28 U.S.C. § 2244(d). Rather, as explained above, ignorance of the law, including ignorance about the AEDPA's one-year statute of limitations, does not -- standing alone -- warrant tolling. *See Rasberry*, 448 F.3d at 1154; *see e.g., Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Therefore, equitable tolling is unavailable solely on this ground.

### B.     Attorney Failed to Provide Legal File

Petitioner claims the limitations period should be equitably tolled because his attorney allegedly retained his file, including his probation sentencing report  Dkt. 19 at 3-4. Petitioner also

10

seems to allege attorney misconduct for failing to provide the file to him. *Id.*

A habeas petitioner cannot be expected to "'prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (quoting *Spitsyn*, 345 F.3d at 801). Therefore, Petitioner's lack of access to his file could constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See id.* (equitable tolling warranted during inmate's eleven-month stay in administrative segregation because he was denied access to legal papers despite his repeated requests for them); *see also Lott v. Mueller*, 304 F.3d 918, 921-24 (9th Cir. 2002) (granting habeas petitioner equitable tolling for eighty-two days he was deprived of his legal materials due to two temporary transfers, despite the fact that petitioner received materials shortly before the limitations period was to expire).

First, the Court notes that Petitioner does not specify why his entire file was necessary to file a timely federal petition. Neither does Petitioner show consistent proof that he was diligent in trying to obtain his file. Petitioner *does* claim that his probation sentencing report was contained in his file, and that he needed it to timely file his federal petition. However, contrary to Petitioner's claims, the record shows that Petitioner's attorney had the opportunity to view the probation sentencing report prior to being sentenced on October 20, 2008. *See* Dkt. 14, Ex. A at 22-25 (Reporter's Transcript of May 21, 2008 plea hearing in which Petitioner was referred to probation for presentence report); Ex. B at 8 (Reporter's Transcript of October 20, 2008 sentencing hearing in which Petitioner's attorney states that he signed probation sentencing report). Petitioner claims that he did not have the opportunity to view his probation sentencing report until almost *four* years later -- on June 14, 2012. Dkt. 19 at 5. However, Petitioner does not explain why he never requested a copy of the probation sentencing report from the trial court or from his prison file. Thus, the Court finds that Petitioner fails to meet his burden of proof to establish whether his lack of access to his file was an extraordinary circumstance that made it impossible for him to file a federal petition on time. *Cf. Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (rejecting equitable tolling based on delay in receiving trial transcripts because possession of trial transcript is not a condition precedent to filing for post-conviction relief; a petition seeking collateral relief could have been filed, following which,

11

if necessary for decision of the issues raised, the court could have ordered production of the transcript).

Secondly, Petitioner has not established his own diligence in contacting his attorney after he was sentenced to request his file. *See Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1142-43 (C.D. Cal. 2006) (finding no equitable tolling where petitioner failed to demonstrate diligence in contacting counsel to determine whether petition for review had been filed and first habeas petition was not filed until five months after the state appellate court denied his direct appeal). Petitioner merely states that his attorney failed to provide him with his file. Because Petitioner does not offer a sufficient factual basis for his claim of equitable tolling due to his attorney's failure to provide him with his file, the Court will now consider whether further development of the record is necessary. In *Laws v. Lamarque*, the Ninth Circuit reversed the district court's order granting a motion to dismiss because it failed to develop the record in response to Law's claim of mental incompetency. 351 F.3d 919, 924 (9th Cir. 2003). The court determined that a district court should not require the petitioner to "carry a burden of persuasion" at the time he asserts equitable tolling to merit further investigation into the merits of his arguments for tolling. *Id.* Instead, Ninth Circuit cases require only that there be "circumstances consistent with [the] petitioner's petition . . . under which he would be entitled to . . . equitable tolling" to trigger further factual development of the record. *Id.* (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library and the legal significance of such a finding)). Should further development of the record show evidence of attorney misconduct, the a district court would then be able to evaluate the egregiousness of the conduct.

The Ninth Circuit has held that attorney misconduct may constitute an extraordinary circumstance warranting equitable tolling only where the conduct is "sufficiently egregious." *Spitsyn*, 345 F.3d at 800. In *Spitsyn*, equitable tolling was deemed warranted where the attorney was hired nearly a full year in advance of the deadline but failed to prepare and file a petition, and was contacted by the petitioner and his mother numerous times by telephone and in writing. Here,

12

Petitioner does not allege that his attorney demonstrated similar "sufficiently egregious" misconduct. In fact, Petitioner only offers vague and conclusory statements regarding his attorney's alleged negligence in providing him with his file and fails to assert any other evidence of attorney misconduct. Also, Petitioner does not claim that his attorney prevented him from accessing resources necessary to file a timely federal habeas petition. Therefore, Petitioner is not entitled to equitable tolling based on his attorney's alleged failure to provide him with his file. Thus, the Court finds no need for further development of the record. Even if there was a sufficient factual basis for Petitioner's claim that his attorney negligently failed to provide him with his file, attorney negligence is not a sufficient basis for applying equitable tolling to the section 2244(d)(1) limitations period. *See Holland*, 130 S. Ct. at 2564. In any event, Petitioner is unable to show that his attorney's negligence was the direct cause of his failure to file a timely federal habeas petition.

Petitioner fails to show that his untimeliness was caused by an external impediment, instead, it was caused by his own lack of diligence in obtaining his file. *See Bryant*, 499 F.3d at 1061 (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance). Accordingly, in the absence of a "causal connection" between his attorney's negligence in failing to provide him with his file and the inability to timely file his federal petition, and without a showing of reasonable diligence by Petitioner, equitable tolling is unavailable on this ground.

In sum, because Petitioner fails to show any causal connection between the aforementioned grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim should be denied. *See Gaston*, 417 F.3d at 1034-35 (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error).

### III. Delayed Commencement of the Limitations Period

As mentioned above, a petitioner may attempt to justify the late filing of his habeas petition

13

by demonstrating his eligibility for a delayed commencement of the limitations period under either subheadings (B), (C) or (D) of section 2244(d)(1). Here, Petitioner asserts that he was not able to view his probation sentencing report -- the primary "factual predicate" of his claims -- until June 14, 2012, upon an "*Olson* review"[10] of his file. Dkt. 19 at 3. The Court assumes Petitioner seeks a delayed onset of the limitations period under 28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner cannot avail himself of section 2244(d)(1)(D). Petitioner claims he did not view his probation sentencing report until June 14, 2012, but the record shows that his attorney was provided (and signed) the report at Petitioner's October 20, 2008 sentencing hearing. Dkt. 14, Ex. B at 8. In short, whatever "factual predicate" Petitioner claims to have gleaned from his probation sentencing report, he (or his attorney) should have been aware of it long before 2012. Even assuming *arguendo*, Petitioner did not keep a copy of the probation sentencing report, he still became aware of its contents -- the "factual predicate" -- during sentencing because his attorney had access to this document. In any event, Petitioner fails to explain why it purportedly took him almost *four* years after the October 2008 sentencing to view the report again, when both his attorney and the trial court, and, apparently, also the prison, had a copy of it. As mentioned above, there is no indication Petitioner showed the requisite due diligence because he apparently never requested a copy from any party until 2012. *See* 28 U.S.C. § 2244(d)(1)(D) (requiring due diligence in discovery of factual predicate); *Rhoades v. Henry*, 598 F.3d 511, 520 (9th Cir. 2010) (same); *Lott v. Coyle*, 261 F.3d 594, 605 (6th Cir. 2001) (same).

Contrary to his claim, Petitioner should have been aware of the factual predicate for his claims prior 2012. Regardless, he fails to demonstrate due diligence, as he makes no attempt to explain why it took approximately *four years* to view his probation sentencing report. Therefore, he fails to show that he is entitled to a delayed commencement of the limitations period under section

---

[10] An Olson review is an administrative procedure which allows an inmate to review his central file. *Sapp v. Kimbrell*, 623 F.3d 813, 818 n.1 (9th Cir. 2010) (quotation marks and citation omitted).

14

2244(d)(1)(B), and the petition is still untimely.[11]

**IV.    Summary**

In sum, Petitioner's federal habeas petition is untimely, and he has not offered the Court a sufficient reason why he should be entitled to statutory tolling, equitable tolling, or a delayed commencement of the limitations period.  Accordingly, the Court GRANTS Respondent's motion to dismiss.

**V.    Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1.    Respondent's motion to dismiss petition for writ of habeas corpus (dkt. 14) is GRANTED, and this action is DISMISSED with prejudice.

2.    A certificate of appealability is DENIED.  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3.    Martin Frink, the current acting warden of the prison where Petitioner is incarcerated,

---

[11] Petitioner also contends there was a State-created "wrongful impediment" to his timely filing because the State did not provide him access to his probation sentencing report. Dkt. 19 at 3-4. He apparently seeks to invoke 28 U.S.C. § 2244(d)(1)(B), which provides that the statute of limitations may commence on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  As discussed, Petitioner was provided with his probation sentencing report through his attorney at his sentencing, and later, he personally viewed it in prison.  He fails to explain how the "State" prevented him from viewing his probation sentencing report, or what efforts he made to secure such a viewing.  His assertion of an "impediment" is entirely unsupported; therefore, the Court finds he is not entitled to a delayed commencement of the limitations period under section 2244(d)(1)(D).

15

has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

4. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

5. This Order terminates Docket No. 14.

IT IS SO ORDERED.

DATED:   September 26, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**